*In re* EVAN JONES and another, Insolvents.

May 29, 1885.

**Insolvent Act of 1881—Lien of Execution, when valid against Receiver.**—The lien of an execution levied upon personal property is not dissolved by the subsequent appointment of a receiver of the property of the judgment debtor, under the insolvent act of 1881, where the judgment upon which the execution was issued was recovered in an action upon a complaint which was filed in the clerk's office 20 days prior to the entry of the judgment.

**Same—Order appointing Receiver—Appeal by Creditor.**—The execution creditor may appeal from an order appointing the receiver, and directing the sheriff to deliver to him the property levied upon.

Appeal from an order of the district court for Stevens county, *Brown*, J., presiding.

*Spooner & Flaherty*, for appellants.

*George E. Darling* and *Jno. W. Arctander*, for respondent, the receiver.

DICKINSON, J. These appellants, Rudd & Green, were creditors of Jones & Jones, who were insolvent. Rudd & Green commenced an action in the district court for the recovery of their debt, the complaint being filed in the clerk's office and the summons personally served. Twenty days having elapsed after such filing and service, and the defendants being in default, judgment was duly entered, upon which execution was issued to a sheriff, who levied upon personal property of the judgment debtors. Some time after the levy, the court, upon the petition of other creditors of the judgment debtors, under the insolvent act of 1881, appointed a receiver of the property of the insolvent debtors, expressly including the property which had been levied upon and which was then held under the execution. This order of appointment further directed the sheriff to surrender such property to the receiver, and ordered the receiver to take the same and convert it into money, and to pay it to the creditors of the insolvents under the direction of the court. But, for the protection of any exclusive rights which the judgment creditors might have acquired through the execution, the receiver was directed to keep the proceeds

of this property separate from other funds held by him as receiver, and to retain the same until the further order of the court. The judgment creditors, Rudd & Green, have appealed from the order. Our decision need be directed only to that part of the order which in terms affects the property held under the execution, and directs it to be disposed of as though the levy was avoided by the appointment of the receiver.

1. The order was appealable. It is within the statute which allows an appeal "from a final order affecting a substantial right, made in a special proceeding." Gen. St. 1878, c. 86, § 8; *In re Graeff,* 30 Minn. 358. The appellants had the legal right, unless the insolvency proceedings had the effect to vacate the previous levy under the execution, to have the property sold by the sheriff under the writ, and to have the proceeds applied directly to the satisfaction of their judgment. As respects that right the order requiring the property to be surrendered to the receiver, to be disposed of by him, and that the proceeds be retained and applied as the court might direct, was *final,* and it affected a substantial right.

2. The appointment of the receiver under the insolvent law (Laws 1881, c. 148) cannot be regarded as having the effect of avoiding the previous levy under execution, unless it is apparent from the terms of the statute that such was the intention of the legislature. It is not suggested that any part of the act contains provisions indicating such an intention unless it be sections 1 and 2.

Section 1 provides particularly in respect to voluntary assignments by debtors whose property has been attached or levied upon; and it distinctly gives to the assignment, made in accordance with the provisions of that section, the effect of dissolving attachments, levies, and garnishments. But levies such as that by which the property here in question was held at the time these insolvency proceedings were instituted, are excluded from such invalidating operation of the statute by the proviso with which the section concludes, which is as follows: "*Provided,* however, that this section shall not apply to cases where an execution has been issued upon a judgment in an action where the complaint has been filed in the office of the clerk of the court twenty days prior to the entry of the judgment."

Section 2 relates to involuntary insolvency proceedings upon the petition of creditors. The only language in this section indicating a purpose that liens effected by legal process should be avoided by subsequent insolvency proceedings, is that which provides that the receiver, when appointed, "shall take possession of all the debtor's property, * * * including property attached or levied upon or garnished, in the manner and *subject to the limitations herein provided.*" The words italicized are most naturally construed as qualifying the clause expressing the duty or authority of the receiver to take possession of the debtor's property. The word "herein" may as well be read as referring to the whole act as to this particular section merely.

We construe this qualification of the authority of the receiver to take possession of the property of the debtor, including property attached, etc., as if it read, "subject to the limitations in this act provided." This construction has the effect to extend the same protection to this class of liens, (those acquired by execution, where the complaint has been filed 20 days prior to the entry of judgment,) whether the subsequent insolvency proceedings are instituted by the voluntary assignment of the debtor under the provisions of section 1, or upon the petition of creditors under section 2. Nor can we conceive any reason which should have led the legislature to make any distinction between the two classes of cases, so as to make the legally-acquired lien effectual to the judgment creditor in the one case, but not in the other. We think that it was not intended that such liens should be avoided by the mere instituting of insolvency proceedings and the appointment of a receiver.

The order appealed from should be reversed, so far as it in terms divests the sheriff of the property held under the execution, and requires the surrender of it to the receiver and the disposal of it by him. But if the property has been already disposed of by the receiver in accordance with the order, then the proceeds, or so much thereof as may be necessary, should be delivered to the sheriff to be applied by him in satisfaction of his execution. It is ordered accordingly, and the cause is remanded to the district court, with directions to carry into effect this determination.