H. D. GURNEY *vs.* CITY OF ST. PAUL and another.

December 9, 1886.

**City of St. Paul — Appeal from Award of Water Commissioners. —**
An appeal from an award of commissioners appointed under Sp. Laws
1881, *c.* 188, relating to the St. Paul city water-works, may be taken by
simply *filing notice* thereof, without the filing of the bond for costs pre-
scribed by Sp. Laws 1883, *c.* 75, § 6.

This was a proceeding on behalf of the city of St. Paul, by its board
of water commissioners, to take lands for the use of its water-works.
The city and the board appeal from an order of the district court for
Ramsey county, *Simons,* J., presiding, refusing to dismiss Gurney's
appeal from the award of damages.

*W. P. Murray* and *Simeon P. Folsom,* for appellant.

*John B. & W. H. Sanborn,* for respondent.

BERRY, J. From an award of commissioners appointed pursuant
to Sp. Laws 1881, *c.* 188, Gurney (the present respondent) undertook
to appeal to the district court of Ramsey county, and to this end
filed notice of appeal within the thirty days prescribed for that pur-
pose, but failed to file a bond for costs until after the 30 days had
expired. The city (the present appellant) moved the district court
to dismiss the appeal, upon the ground that the filing of the bond
within the 30 days was essential to the validity of the appeal, and
therefore indispensable to the jurisdiction of the court. From an or-
der denying its motion the city appeals to this court. But the order
is not appealable. It was made in a *special proceeding.* *In re St.
Paul & N. P. Ry. Co.,* 34 Minn. 227, (25 N. W. Rep. 345.) In such
proceedings an appeal to this court lies only from "a final order af-
fecting a substantial right." Gen. St. 1878, *c.* 86, § 8. Section 11,
chapter 188, *supra, in terms,* gives the right to an appeal simply upon
*filing notice* thereof. Section 6, chapter 75, Sp. Laws 1883, assumes
to amend section 11 by, among other things, requiring the appellant
to give a bond for costs; but the amendment is altogether too loosely,
indefinitely, and dubiously joined to and connected with the section

amended to entitle it to be considered as impairing the right to take a complete and effectual appeal by simply filing notice thereof. It follows that the failure to file the bond does not go to the jurisdiction of the appellate—the district—court, and hence that a respondent in that court neither has nor could have any right, substantial or otherwise, to have an appeal dismissed for lack of jurisdiction on account of such failure; and therefore, to say nothing about its not being a final order, (*Rabitte* v. *Nathan*, 22 Minn. 266,) the refusal to dismiss cannot affect any substantial right of such respondent. No doubt the appellant in the district court may be compelled to give the bond, and, as a penalty for his refusal, his appeal may be dismissed; but this has nothing to do with the jurisdictional question raised by such a motion as was made in this case. In fact, such a bond had already been filed when the motion to dismiss was made.

Appeal dismissed.