[Civil No. 206. Filed July 14, 1887.]

[S. C. 14 Pac. 356.]

## J. D. PUTNAM, Plaintiff and Respondent, v. C. D. PUTNAM, Defendant and Appellant.

1. APPEAL AND ERROR—RIGHT OF APPEAL—ORDER AFFECTING A SUBSTANTIAL RIGHT—LAWS OF 1879, ACT NO. 48, p. 72, § 7, CITED— ORDER REFUSING TO DISSOLVE TEMPRORARY INJUNCTION NOT SUCH AN ORDER.—In a suit for an accounting between partners, where attaching creditors have intervened and upon issue joined as to whether chattel attached are partnership property the court has found against intervenors, such judgment, though not final, does affect a substantial right, and is appealable. An order refusing to dissolve a temporary injunction is a mere interlocutory order, in aid of the procedure of the cause, and affects no substantial right and is not appealable.

2. SAME—NECESSITY FOR MOTION FOR NEW TRIAL—FINDINGS CONCLUSIVE IN ABSENCE OF—PURPOSE OF—COMP. LAWS ARIZ. 1877, p. 438, par. 2630-2631, CITED—In the absence of a motion for new trial the findings of the trial court must be conclusive. It is the purpose of a motion for new trial to enable the court to look into the sufficiency of the evidence to sustain the findings. Statute, *supra*, cited.

APPEAL from a Judgment of the District Court of the Second Judicial District in and for the County of Pinal. Affirmed.

The facts are stated in the opinion.

Edwards & Chalmers, for Appellant.

H. B. Summers, (Goodrich, Smith, Street & Goodrich, of counsel) for Respondent.

BARNES, J.   The sheriff of Pinal county, in order to satisfy execution in his hands against C. D. Putnam, levied upon certain cattle on the range as the property of said defendant, and on the sixth day of April, 1886, gave notice of sale of all the right, title, and interest of said defendant therein.   Thereafter, but before the satisfaction of said execution.   J. D. Putnam filed this bill, alleging that himself and said defendant were co-partners, doing business in the firm name of Putnam Bros., grazing cattle at large on the Gila and San Pedro rivers; that the cattle were branded ''P;'' that defendant had become indebted on account of transactions foreign to th partnership, and that judgment had been recovered against him.   The above levy and sale was alleged. He alleged that the partnership was indebted to him in a large sum.   He prays for a dissolution of the partnership, for an accounting, and for a distribution of the assets.   He made the sheriff a party, and asked that he be enjoined from proceeding under execution, and a temporary injunction was issued restraining proceedings until further order of the court. The judgment creditors intervened, and denied the partnership.   Issues were joined on the original bill of complaint and the bill of intervention.   The cause was tried by the court without a jury, on the issue denying the partnership, and the court found that the partnership existed as alleged, and that the property levied upon was partnership property.   The said sheriff and judgment creditors moved to dissolve the injunction theretofore issued, which said motion was overruled. The sheriff and the judgment creditor gave notice of appeal from the judgment, finding the issues as above, and from the

order refusing to dissolve the injunction. There is no final decree settling the partnership, and distributing the assets, and determining the rights of all the parties.

By the act of February 14, 1879, section 349 of the practice act of this territory was amended so as to provide that appeals may be taken from a final judgment in the district court, and from an order granting or refusing a new trial, *or which affects a substantial right in an action or special proceeding.* The words in italics are new. The appeal in this case is attempted to be prosecuted from two orders. One is the order which determines the issues raised by the intervenors and the sheriff in denying that a partnership existed between the two Putnams, and in asserting that the cattle levied upon were the separate property of the defendant in execution. This order, though not a final judgment, does affect a substantial right, and is such an order as may be appealed from. See *Gurney* v. *St. Paul,* 36 Minn. 163, 30 N. W. 661; *Fisk* v. *Henarie,* 15 Or. 89, 13 Pac. 760. The court found, as a matter of fact, that the two Putnams were partners, and that the property levied upon was and is partnership property. No motion for a new trial of these issues was made, and the findings must be conclusive. We cannot disturb them. Comp. Laws, §§ 2630, 2631. It is the purpose of a motion for a new trial to enable the court to look into the sufficiency of the evidence to sustain the findings.

The other order attempted to be appealed from is the order refusing to dissolve the temporary injunction. This was by no means a final judgment, nor was it an order affecting a substantial right. The object and purpose of the injunction was to hold the property until the final decree, which would settle all legal and equitable rights of all the parties before the court. The parties were before the court, and this property was the subject-matter of controversy. One of the original subjects of equity jurisdiction is the settlement of partnership matters, and it is familiar principle that, where a court of equity once acquires jurisdiction of both the parties and the subject-matter of a controversy, it has jurisdiction to settle all legal as well as equitable rights. This had not in this case yet been done. The cause was undis-

posed of. Until final disposition it was the duty of the court to retain control of this property. In doing so no substantial right was affected. It was a mere interlocutory order, in aid of the procedure of the cause. Before the court makes a final decree in this cause the court must ascertain all the assets of the partnership; state the account between the partners; ascertain the debts of the partnership, if any. The assets must then be disposed of, by paying the partnership debts, of the balance distributing to the plaintiff his portion of the assets. The court may then determine what shall be done with the portion of the debtor partner. All these are matters for final determination in this case.

The judgment of the court finding the partnership and ownership of the property is affirmed. There can be no appeal from the order refusing to dissolve the temporary injunction.

WRIGHT, C. J. PORTER, J., concur.