Ed. S. Bean, Sheriff, *vs.* Paul Schmidt.

June 20, 1890.

Void Assignment for Creditors—Levy by Judgment Creditor—Subsequent Proceedings in Insolvency.—Where a voluntary assignment made by a debtor under Gen. St. 1878, *c.* 41, is absolutely void, a creditor who has acquired a judgment in an action wherein the complaint was duly filed twenty days or more prior to the entry thereof, and who has levied, under an execution issued thereon, upon property in the hands of the assignee, before any proceedings for the appointment of a receiver, under Laws 1881, *c.* 148, are taken, will be preferred; and such proceedings will be without prejudice to his lien acquired by virtue of the levy.

Same—Estoppel to Question Levy.—Parties who base their petition on the fact that such levy has been made will not afterwards be heard to dispute the validity thereof.

Same—Levy, how Enforced.—The sheriff may enforce the levy by action to recover the property, or collect the money levied on in the hands of the assignee.

Appeal by defendant from an order of the municipal court of St. Paul, refusing a new trial after trial by the court and judgment of $171.48 ordered for plaintiff.

*Butts & Jacques* and *Albert B. Ovitt,* for appellant.

*Chapin & Sauer,* for respondent.

Vanderburgh, J.   Defendant is the assignee of Blissenbach & Zelzer by an assignment which, it is admitted, was void on its face. It was dated June 19, 1888, and under it the defendant took possession of the assigned property, and converted it into money as assignee, and held the same in his hands on the 15th day of June, 1889.   On the 14th day of June, 1889, Degraw and others had recovered a valid judgment against the assignors, Blissenbach & Zelzer, upon a complaint filed May 23, 1889, more than twenty days prior to such judgment, which they were therefore entitled to enforce against the property of the judgment debtors; and on June 15, 1889, an execution was issued thereon to the sheriff, who thereupon, on the same day,

levied upon "any and all indebtedness, money, debts, or credits in the hands of the assignee due and accruing to the judgment debtors." Thereupon, on the 1st day of July, 1889, the St. Croix Lumber Company, a creditor of the judgment debtors, as petitioner, applied to the court for the appointment of a receiver, setting up in its petition, among other things, the facts above recited, including the levy referred to; and the court, having heard the petitioner and the parties interested, including the assignee, assignors, and the judgment creditors above mentioned, granted the petition. The application was based upon the fact of the levy by the sheriff as aforesaid, the failure of the judgment debtors to take any proceedings to vacate the same, and the insolvency of the judgment debtors. The validity of the levy was admitted by all the parties hereto, and they are concluded by the determination of the court thereon in that proceeding. It is also found by the trial court that the assignee had at the time of the levy sufficient moneys, realized from the assigned property, to pay the judgment in question. After the appointment of the receiver, this action was brought to collect the amount of the execution by virtue of which the levy was made.

1. The judgment against Blissenbach & Zelzer was valid, and the appointment of the receiver was without prejudice to the lien acquired by the levy upon the moneys in defendant's hands. *In re Jones*, 33 Minn. 405, (23 N. W. Rep. 835;) Laws 1881, c. 148, § 1; Laws 1889, c. 30. And the sheriff was entitled to proceed and enforce the levy, and the application of the receiver to be permitted to intervene in this action was properly denied. The defendant, in view of his solemn admission of record, in the application for a receiver, of the fact of the issuance and levy of the execution as alleged in the petition, cannot now be heard to question the validity of the execution and the fact of the levy, as found by the court herein.

2. The defendant held in his hands the moneys received from the sale of defendant's goods, and subject to levy. Conceding the sufficiency of the levy, the plaintiff, as sheriff, might proceed by action or other proper remedy to compel payment of the amount for which the levy was made. The point is made, apparently for the first time in this court, that no demand was alleged or proved in this case before

suit brought. But we think it is apparent that this fact was not relied on by the defendant; and his answer shows that he denies the plaintiff's right to the possession, and alleges affirmatively that the receiver is entitled thereto. So that it is sufficiently clear from the record that a demand would have been unavailing.

Order affirmed.