[Civil No. 266. Filed January 24, 1891.]

[29 Pac. 14, *sub nom.* Crowley, Auditor, *v.* Reilly.]

JAMES REILLY, Plaintiff and Appellee, v. M. G. CROW-LEY, Auditor and ex-officio Recorder of the City of Tombstone, Defendant and Appellant.

1. APPEAL AND ERROR—BOND—JURISDICTION—REQUISITES—REV. STATS. ARIZ. 1887, PAR. 859, CONSTRUED.—The execution and filing of a proper appeal bond is prerequisite to the appellate jurisdiction of this court. Where it fails to conform substantially to the statute, *supra,* names no obligee, is not in a sum at least double the probable amount of costs in both the appellate and lower courts, and is not conditioned that the appellant shall prosecute his appeal with effect, the appeal will be dismissed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. William H. Barnes, Judge. Dismissed.

The facts are stated in the opinion.

George G. Berry, for Appellant.

James Reilly, for Appellee.

PER CURIAM.—The appellee moves the court to dismiss the appeal because of certain defects in the appeal-bond. The instrument purporting to be a bond begins with a recital of the fact that the defendant below was about to appeal from the judgment rendered against him in the action; that the clerk had fixed the probable costs of the appellate court at

forty dollars. It then proceeds: "Now, therefore, in consid-
eration of the premises, and of such appeal, we, the under-
signed, residents and freeholders of the county of Cochise, do
hereby jointly and severally undertake and promise on the
part of the defendant and appellant that the appellant will
pay all damages and costs which may be awarded against him
on the said appeal, not exceeding the sum of three hundred
dollars, to which amount we acknowledge ourselves severally
and jointly bound." The statute makes the execution and
filing of a proper appeal-bond prerequisite to the appellate
jurisdiction of this court. Paragraph 859 of the Revised
Statutes of 1887 provides that the bond shall be "payable to
the appellee or defendant in error in the sum at least double
the probable amount of the costs of the suit of both the ap-
pellate court and the court below, to be fixed by the clerk,
conditioned that such appellant or plaintiff in error shall
prosecute his appeal or writ of error with effect, and shall
pay all the costs which have accrued in the court below, or
which may accrue in the appellate court." The use of the
word "or" in the last clause is evidently inadvertent, and
should be read "and." The instrument purporting to be an
appeal-bond in this case clearly does not substantially con-
form to the requirements of the statute. There is no obligee
named; the bond is not in a sum at least double the probable
amount of costs in both the appellate and the lower courts;
it is not conditioned that the appellant shall prosecute his
appeal with effect. Moreover the language employed is am-
biguous, in that it is difficult to say whether it is intended
that only in the event that the damages and costs do not ex-
ceed three hundred dollars shall the obligors be bound at all,
or that it is intended that the liability of the obligors is to
be limited to the sum named. We have passed on these ques-
tions recently, and hope not to have occasion to do so again.
Adherence to the very simple and plain requirements of the
statute is not difficult, and no good reason can be given for so
radical a departure therefrom as in this case. The appeal is
dismissed, and there will be judgment accordingly.