[Civil No. 318. Filed January 16, 1892.]

[29 Pac. 893.]

CHARLES G. JOHNSTON, Plaintiff and Appellant, v. JAMES LETSON et al., Defendants and Appellees.

1. APPEAL AND ERROR—BOND—SUFFICIENCY—UNDERTAKING—JURISDICTION—REV. STATS. ARIZ. 1887, SEC. 859, CH. 20, TITLE 15, CITED AND CONSTRUED.—If an undertaking, filed in lieu of the bond on appeal required by the statute, *supra*, complied with its requirements necessary to give this court jurisdiction, the form might be disregarded. Where such undertaking is not made payable to the appellee, nor to any one, and only undertakes to pay all damages and costs which may be awarded against him on appeal not exceeding three hundred dollars, and is not conditioned that appellant will prosecute his appeal with effect, it does not comply substantially with the statute, *supra*, and the appeal must be dismissed.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. R. E. Sloan, Judge. Dismissed.

The facts are stated in the opinion.

George G. Berry, for Appellant.

James Reilly, for Appellees.

GOODING, C. J.—In this action motion is filed to dismiss appeal because this court has no jurisdiction of the case. The objection to the jurisdiction is based on the absence of a bond such as required by the statute. While this court desires to decide every case on its merits, it cannot take jurisdiction contrary to the statutes of the territory. Section 859 (ch. 20, tit. 15) specifically provides what kind of a bond shall be given on appeal. It provides, among other things, that the appellant shall execute a bond payable to the appellee in a sum at least double the probable amount of the costs of the suit of both the appellate court and the court below, to be fixed by the clerk, and conditioned that such appellant shall prosecute his appeal with effect, and shall pay all the costs which have accrued in the court below, or which may accrue in the appellate court. In this case there is no bond, but an undertak-

ing.   If the undertaking complied with the requirements of the statutes necessary to give this court jurisdiction, the form of the instrument we might disregard; but the essential elements, made essential by the statutes, we cannot overlook.

1. The undertaking is not made payable to the appellee, nor, for that matter, to any one else.

2.   The undertaking is to pay "all damages and costs which may be awarded against him on appeal, not exceeding three hundred dollars."   The statute provides that a bond shall be "in a sum at least double the probable amount of the costs of the suit of both the appellate court and the court below, to be fixed by the clerk, conditioned that the appellant shall pay all other costs which have accrued in the court below, or which may accrue in the appellate court."   The language of the undertaking is "that the said appellant will pay all damages and costs which may be awarded against him on the appeal, not exceeding three hundred dollars, to which amount we acknowledge ourselves jointly and severally bound."   This is not the undertaking or bond required by the above statute. By the statute the condition of the bond must be to "pay all the costs which have accrued in the court below, or which may accrue in the appellate court."   A bond limiting the amount to three hundred dollars, or any other sum, is not a compliance with the statute.   If we assume that three hundred dollars was double the probable amount of costs as estimated by the clerk, the bond would not be sufficient.   The estimate of the clerk does not dispense with the requirement of the statute that the sureties shall be held for all the costs of the court below and the appellate court.

3. The bond is not conditioned that appellant will prosecute his appeal with effect.   We would again, as this court has done before, urge upon the profession the necessity of adhering to the requirements of the statutes, at least in matters of substance, and express our regret that in too many cases the rights of parties cannot be protected in this court for the want of jurisdiction, in some cases, and the failure of counsel to present a record on which this court can consider the errors complained of in the court below, in other cases.   The appeal will be dismissed.

Kibbey, J., and Sloan, J., concur.