[Civil No. 381.    Filed January 18, 1894.]

[36 Pac. 37.]

## H. C. McDONALD et al., Appellants, v. HYMAN ELLIS, Appellee.

1. APPEAL AND ERROR—BOND—JUSTIFICATION OF SURETIES—REV. STATS. ARIZ. 1887, PAR. 868, CONSTRUED, AND HELD MANDATORY.—The statute, *supra,* provides that a bond on appeal "shall be of no effect unless accompanied by the affidavit of each of the sureties that he is worth the amount for which he has signed, over and above his just debts and liabilities, exclusive of property exempt from execution." This statute is mandatory, and unless the statutes in relation to appeal-bonds and their justification are strictly complied with, this court can acquire no jurisdiction on appeal.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Dismissed.

The facts are stated in the opinion.

H. B. Lighthizer, for Appellants.

Kibbey & Israel, and M. H. Williams, for Appellee.

HAWKINS, J.—A motion to dismiss the appeal herein was filed by appellee for the reason that the instrument filed by appellants as a bond on appeal in said cause was not accompanied by the affidavit of each or either of the sureties thereon that he or they were worth the amount for which he or they signed the same, over and above his or their just debts and liabilities, exclusive of property exempt from execution, as is provided shall be done by paragraph 868 of the Revised Statutes of 1887. This paragraph provides that a bond on appeal "shall be of no effect unless accompanied by the affidavit of each of the sureties that he is worth the amount, for which he has signed, over and above his just debts and liabilities exclusive of property exempt from execution." This statute is mandatory, and, unless the statutes in relation to appeal-bonds and their justification are strictly complied with, this court can acquire no jurisdiction on appeal. Rev. Stats. 1887, secs. 863, 868.

Dismissed.

Rouse, J., and Sloan, J., concur.