[No. 1448.  Decided December 17, 1895.]

J. J. SCHLOTFELDT *et al.*, *Appellants*, v. WALTER A. BULL
*et al.*, *Respondents*.

APPEALABLE ORDER — RULING POSTPONING JUDGMENT.

An order which postpones the right of plaintiff to proceed to
judgment as for default until the day following that upon which his
motion therefor is made is not appealable.

Appeal from Superior Court, Kittitas County.—
Hon. CARROLL B. GRAVES, Judge.  Appeal dismissed.

*Pruyn & Ready*, for appellants.

*H. J. Snively*, for respondents.

The opinion of the court was delivered by

GORDON, J.—After the commencement of this action
in the lower court, counsel for the appellants (plain-
tiffs therein) filed the following paper, duly signed by
them:

"The defendants in the above entitled action and
each of them are hereby given until Monday, the 15th
day of January, 1894, inclusive, within which time to
appear in the above entitled cause, and no default will
be taken against them or either of them for their fail-
ure to appear before said date."

It appears that on that day, viz., January 15th, the
respondents, Walter A. and Rebecca N. Bull, filed a
demurrer to the complaint; that on the same day but
prior to the filing of such demurrer, the appellants
filed a motion for a default which was denied by the
court; and the cause coming on for a hearing before
the court upon said demurrer, the respondents failing
to appear either in person or by counsel, their de-
murrer was overruled.   Thereupon appellants de-

manded judgment, which was denied by the court, said ruling being based upon subdivision (b) of rule 3 of the general rules of the superior court, which reads as follows:

"When a demurrer or motion has been determined, the party to whom the decision is adverse *shall have one day within which to plead,* unless the time is extended by special rule or order."

On the opening of court on the following day the appellants again moved for a default for want of an answer; which application was refused by the court, for the reason that the time allowed respondents by said rule and as fixed by the court had not expired. Thereupon appellants gave notice of appeal to this court from the various orders so made.

Respondents have moved the court for a dismissal of said appeal, for the reason, among others, that "none of the orders described in the notice of appeal are appealable orders," and we are of opinion that the motion to dismiss should prevail. The last ruling complained of simply postponed the right of appellants to proceed to judgment as for default until the day following the day upon which said motion was made.

No final judgment has been entered in this cause, nor do we think that any of the orders complained of are appealable. The cause has not been disposed of below upon the merits.

"Where the order does completely put an end to the particular issue and fully settles the controversy as to all the parties affected by it, then it may be considered as a final judgment, *otherwise it cannot be treated as anything more than a non-appealable interlocutory order.*" Elliott, Appellate Procedure, § 99.

This court will not "permit a cause to be brought

before it by piecemeal for review, unless clearly authorized so to do by legislative enactment." *Windt v. Banniza*, 2 Wash. 147 (26 Pac. 189).

In granting this motion to dismiss we take occasion to say that an examination of the record satisfies us that none of the several orders of the lower court which are complained of were erroneous.

Dismissed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.