[Civil No. 698.   Filed March 28, 1900.]

[60 Pac. 393.]

TERRITORY OF ARIZONA ex rel. SAMUEL W. PRICE, Relator, v. FLETCHER M. DOAN, Judge of the District Court of the Second Judicial District of the Territory of Arizona, in and for the County of Graham, Respondent.

1. CERTIORARI—WHEN PROPER REMEDY—FORCIBLE ENTRY AND DETAINER —BOND ON APPEAL—JURISDICTION—PARS. 134, 2026, REV. STATS. ARIZ., CONSTRUED.—A writ of *certiorari* may be issued as provided by the Revised Statutes of Arizona of 1887 (par. 134) when an inferior court has exceeded its jurisdiction, and there is no appeal, nor any speedy and adequate remedy. In forcible entry and detainer cases paragraph 2026 of the Revised Statutes of Arizona of 1887 limits an appeal from the district court to cases where the damages awarded exceed on hundred dollars. On appeal from a decision of a justice in a case of forcible entry and de-

tainer defendant gave a jurisdictionally defective bond, and the
district court overruled the plaintiff's motion to dismiss appeal for
want of a proper bond. It appearing that no damages could be
awarded against the plaintiff, *certiorari* is the proper remedy to
test the question of the jurisdiction of the district court.

2. APPEAL-BOND—IN FORCIBLE ENTRY AND DETAINER—JURISDICTIONAL—
WHEN DEFECTIVE—PARS. 2021, 2022, REV. STATS. ARIZ. 1887, CITED.
—Where an appeal-bond in an action for forcible entry and de-
tainer provided that appellant should prosecute said appeal to
effect, and should fully pay off, satisfy, and perform the judgment
which may be rendered against him on said appeal, said bond was
defective because it limited the liability to three hundred dollars.
. Paragraph 2021, *supra,* provides that the condition of such an
appeal-bond must be that the appellant shall prosecute his appeal
with effect or pay all costs and damages which may be adjudged
against him, and neither paragraphs 2021 nor 2022, *supra,* provides
for a limitation of the amount of the liability.

3. SAME—DEFECTIVE—NEW BOND—CANNOT BE GIVEN AFTER TIME FOR
TAKING APPEAL HAS EXPIRED—JURISDICTIONAL.—PUTNAM V. PUT-
NAM, 2 ARIZ. 259, 24 PAC. 320; JOHNSTON V. LETSON, 3 ARIZ. 344,
29 PAC. 893; CROWLEY V. REILLY, 3 ARIZ. 286, 29 PAC. 14; MC-
DONALD V. ELLIS, 4 ARIZ. 189, 36 PAC. 37, APPROVED.—Where an
appeal-bond is made jurisdictional, any substantial variation from
the conditions of the bond required to be given defeats the juris-
diction of the appellate court, and no bond can be given such as
to confer jurisdiction after the expiration of the time limited by
statute for taking an appeal.

APPLICATION for a Writ of Certiorari.

F. B. Laine, for Relator.

Moorman & McFarland, for Respondent.

The only question involved in certiorari proceedings is,
Has the inferior tribunal, board, etc., exceeded its jurisdic-
tion? Rev. Stats. 1887, par. 134.

Our statute limits the review upon this writ to the sole
question of "whether the inferior tribunal, board, etc., has
regularly pursued its authority." Rev. Stats. 1887, 140.

The questions whether or not the jurisdiction has been ex-
ceeded and whether or not the inferior tribunal has regularly
pursued its authority are one and the same. *Phillips* v.
*Welch,* 12 Nev. 158, 178; *Reilly* v. *Tyng,* 1 Ariz. 510, 25 Pac.
798; *Territory* v. *Dunbar,* 1 Ariz. 510, 25 Pac. 473; *Royce* v.
*Smith,* 1 Ariz. 511, 25 Pac. 799.

The question presented in this case involves the power of the district court to hear and determine the motion to dismiss the appeal in the case of *Price* v. *Lynch*. If the court had the right to determine this motion, then its acts were not in excess of its jurisdiction, and it was regularly pursuing the authority of such tribunal. Its determination of said motion may have been erroneous or irregular, but such errors and irregularities do not involve questions of jurisdiction, hence not reviewable under *certiorari*. *Alexander* v. *Municipal Court*, 66 Cal. 387, 5 Pac. 675; *Quinchard* v. *Board of Trustees*, 113 Cal. 664, 45 Pac. 856; *Buckley* v. *Superior Court*, 96 Cal. 119, 31 Pac. 8 (this case overrules *Carlson* v. *Superior Court*, 70 Cal. 628, 11 Pac. 788); *Beizer* v. *Lasch*, 28 Wis. 268; *Tomasini* v. *Superior Court*, 75 Cal. 225, 17 Pac. 1; *Phillips* v. *Welch*, 12 Nev. 158; *Board of Supervisors* v. *Superior Court*, (Cal.) 50 Pac. 432; *Sherrer* v. *Superior Court*, 96 Cal. 653, 31 Pac. 565.

The office of *certiorari* is to bring up the record to enable the superior court to determine whether the inferior court, board, etc., has proceeded within its jurisdiction, and not whether it has committed error. *People* v. *Highway Commissioners*, 30 N. Y. 72; *Whitney* v. *Board of Delegates*, 14 Cal. 478; *McLish* v. *Roff*, 141 U. S. 661, 12 Sup. Ct. 118.

The question whether the inferior board or tribunal had jurisdiction to do the act sought to be reviewed is the only question which can be reviewed on *certiorari*. *State* v. *Humboldt County*, 6 Nev. 100; *Central Pacific R. R. Co.* v. *Placer County*, 46 Cal. 667; *Fraser* v. *Freelon*, 53 Cal. 644; *White* v. *City of San Francisco*, 110 Cal. 60, 42 Pac. 480; *Orr* v. *State Board*, 3 Idaho 190, 28 Pac. 416; *Commissioners* v. *Superior Court*, 27 Ill. 140; *Savage* v. *County Commissioners*, 10 Ill. App. 204; *Hamilton* v. *Harwood*, 113 Ill. 154; *Plymouth* v. *Plymouth County*, 16 Gray, 341; *Carland* v. *Custer*, 5 Mont. 579, 6 Pac. 24; *State* v. *Second Judicial District*, 10 Mont. 456, 26 Pac. 182; *Maynard* v. *Rayley*, 2 Nev. 313; *People* v. *New York Canal Board*, 29 Hun, 159; *State* v. *Fort*, 24 S. C. 510; *Houser* v. *State*, 33 Wis. 678.

The fact that the amount involved in controversy is less than that authorizing an appeal from the district court is no ground for *certiorari*. *State* v. *Superior Court*, 3 Wash. 705, 29 Pac. 213; *Ex parte Ferry Co.*, 104 U. S. 519.

SLOAN, J.—This is an application for a writ of *certiorari,* brought by the territory, on the relation of Samuel W. Price, to review certain orders made by the district court of the second judicial district in and for the county of Graham in the suit of Samuel W. Price against C. E. Lynch. The return shows that Price brought suit in a justice court of Graham County, under the forcible entry and detainer statutes, against Lynch, to obtain possession of a certain tract of land. Price obtained judgment for the restitution of the premises and for costs on February 6, 1899. On February 8, 1899, Lynch gave notice of appeal to the district court, and filed a bond, the body of which read as follows: "Know all men by these presents, that we, C. E. Lynch, as principal, and George Hormayer and W. F. Hagan, as sureties, are firmly held and bound unto S. W. Price in the penal sum of three hundred dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally, firmly by these presents. Witness our hands hereto this eighth day of February, 1899. The condition of the above undertaking is such that whereas, on the 6th day of February, 1899, the said S. W. Price duly recovered a judgment in the above-entitled court against C. E. Lynch for ———; and whereas, the said C. E. Lynch is desirous of appealing from the decision and judgment of said justice to the district court of the second judicial district of the territory of Arizona in and for Graham County: Now, therefore, if said C. E. Lynch shall prosecute said appeal to effect, and shall pay off, satisfy, and perform the judgment which may be rendered against him on said appeal, then this obligation shall be null and void; otherwise, to remain in full force and virtue."

On March 22, 1899, the appellee, Price, moved in the district court the dismissal of the appeal upon the grounds, as stated in the motion, namely: "First, there is no bond or undertaking filed on appeal in said cause, as required by paragraph 1453 of the Revised Statutes of the territory of Arizona; second, that the paper purporting to be an undertaking on appeal in said cause is void and of no effect, for the reason that the attorney of record for the defendant is one of the sureties therein, contrary to act No. 93 of 1891 of the legislature of the territory of Arizona (Acts 1891, p. 143);

third, that said undertaking is not accompanied by the affi-
davit of justification by each of the sureties therein, as
required by paragraph 868 of the Revised Statutes of Ari-
zona.'' The district court overruled the motion to dismiss,
and ordered the appellant to give a new bond within five
days, or suffer the penalty of dismissal. A new bond, proper
in all respects as to form, was given by the appellant within
the time limited by the order of the court. It appears fur-
ther that the cause was, by consent of both of the parties,
continued for the term, and is still pending and undeter-
mined in the district court.

Counsel for respondent take the position that, assuming
that the bond on appeal first given did not give the district
court jurisdiction of the action, the ruling of the court upon
the motion to dismiss is not subject to review in this proceed-
ing; in other words, that *certiorari* is not the proper remedy.
The argument is that the district court had the right to de-
termine the question of its own jurisdiction; and, however
erroneous its decision might be, it acted wholly within its
powers in passing upon the motion to dismiss, and there was
therefore no such excess of jurisdiction exercised by it as to
render the decision reviewable by *certiorari.* This view of
the law of *certiorari* is fallacious, because it disregards the
fundamental principle upon which writs of review are
granted or refused, which is that it is not the question how,
or in what manner, the inferior court has mistaken its juris-
diction, but rather, whether its proceedings were in excess
of its jurisdiction, and, if so, does *certiorari* present the only
adequate remedy? The writ is not one of right, but its
issuance lies in the sound discretion of the court authorized
to grant it. It will not be permitted to take the place of an
appeal or writ of error, even to correct judgments or other
proceedings of a court in excess of jurisdiction. Our statute
is framed with this idea of the province of the writ, and pro-
vides that it may issue when there is no appeal, nor, in the
judgment of the court, any plain, speedy, and adequate
remedy. The question whether, therefore, this is a proper
case for the granting of the writ of *certiorari,* in the first
place, and the review in this proceeding by this court of the
proceedings of the court below in exercising jurisdiction over
the case of Price against Lynch, is to be decided upon the

inquiry whether or not an appeal would lie to this court which would bring up the question of the court's jurisdiction, or whether there be any other plain, speedy, or adequate remedy. The action in forcible entry and detainer is purely statutory. The general statutes with regard to appeals have, therefore, no application. Paragraph 2026 of the Revised Statutes limits an appeal from the judgment of the district court in forcible entry and detainer to the one case in which a judgment for damages is awarded in an amount exceeding one hundred dollars. In order, therefore, to secure the right of appeal in this case, Price must not only suffer judgment to be taken against him, but he must also be mulcted in damages in an amount exceeding one hundred dollars. And as Lynch, under the pleadings, was in possession of the premises sued for at the time when judgment was rendered in the justice court, and so far as the record discloses, has not since been dispossessed by Price, no basis for such damages appears in the case. We hold, therefore, that the remedy by appeal is not afforded Price; nor is there any plain, speedy, and adequate remedy at his disposal other than this proceeding. The bond given by Lynch in the justice court was defective in two essential particulars. In the first place, contrary to the statutes, the sureties sought to limit their liability to the amount specified in the bond. In the second place, the condition of the bond was not that required by the statute. By the provisions of paragraph 2021, the giving of a bond on appeal from the judgment of a justice court to the district court in case of forcible entry and detainer is made jurisdictional. Paragraph 2022 prescribes the form of the bond to be given. In neither of these sections of the statute are the sureties privileged to limit their liability in any certain sum to be named in the bond. Again, the condition of the bond, by the express terms of the statute, must be that the appellant shall prosecute his appeal with effect, or pay all costs and damages which may be adjudged against him; whereas, by the bond given, the conditions were that the appellant should "prosecute said appeal to effect, and shall fully pay off, satisfy, and perform the judgment which may be rendered against him on said appeal." This court has repeatedly held that, where an appeal bond is made jurisdictional, the appellate court acquires no jurisdiction

unless a bond be given in all respects, as to essential requirements, as provided by the statute, within the time limited for the giving of the bond. Any substantial variation from the conditions of the bond required to be expressed has been held to defeat the jurisdiction of the appellate court, and no new bond can be given such as to confer jurisdiction after the expiration of the time limited by statute for taking an appeal. *Putnam* v. *Putnam,* 2 Ariz. 259, 24 Pac. 320; *Johnson* v. *Letson,* 3 Ariz. 344, 29 Pac. 893; *Crowley* v. *Reilly,* 3 Ariz. 286, 29 Pac. 14; *McDonald* v. *Ellis,* 4 Ariz. 189, 36 Pac. 37. We hold, therefore, that the district court acquired no jurisdiction of the case of Price against Lynch, and the order and judgment of this court is that the district court of the second judicial district of the territory of Arizona in and for the county of Graham be directed to dismiss said appeal.

Street, C. J., and Davis, J., concur.