[No. 3621.  Decided March 11, 1901.]

JOEL GREEN *et al., Appellants,* v. L. A. MOORE, *Defendant,* WESTERN ASSURANCE COMPANY *et al., Respondents.*

APPEALABLE ORDER — DENIAL OF MOTION FOR JUDGMENT IN GARNISHMENT PROCEEDINGS.

The action of the court in denying plaintiff's motion for judgment against garnishee defendants, based upon their answer in the garnishment proceedings, is not such a final determination of the proceeding as to constitute an appealable order, within the contemplation of title 36, Ballinger's Code.

Appeal from Superior Court, Spokane County—Hon. LEANDER H. PRATHER, Judge.  Appeal dismissed.

*Crow & Williams,* for appellants.

*Graves & Graves* and *Winston & Winston,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—Appellants recovered judgment against defendant Moore, and in proceedings supplemental to execution, the court ordered the judgment debtor Moore to appear for examination touching her property, enjoining her from making any transfer of her property pending such proceedings. Thereafter, all of the parties being before the court, an order of continuance was made, by which it was directed that the injunction order should be continued in full force until the final determination of said proceedings. The proceedings have never been determined and the injunction is now in force. Subsequently appellants filed in the superior court an affidavit for garnishment against the respondents, claiming that they held property of, and were indebted to, the judgment debtor Moore. Respondents appeared and filed separate answers, in which they alleged that they had issued certain policies of insurance on a building owned by the judgment debtor, which building had been destroyed by fire; that each garnishee defendant had issued a policy on said building for $2,500, and by the terms of the policies the loss, if any, was payable to the Holland Bank, mortgagee, as its interest might appear. In addition, each of said answers contained this allegation, to-wit:

"That on December 2, A. D. 1899, the said L. A. Moore advised this garnishee defendant that she had executed her assignment in writing in favor of A. S. Upson of all interest in and to said policy."

After the filing of the answer, and a certain stipulation which it is not material to recite, appellants moved for judgment against the insurance companies for the remainder of the said insurance money, after paying the Holland Bank, less also such amount as might be allowed respondents by way of attorneys' fees and costs. This

motion was made under § 5402, Bal, Code, and upon hearing the motion was denied by the court, and, on the court's motion, an order was made directing respondents to bring into the action A. S. Upson, who was mentioned in said answers. From the order of the court denying the motion, this appeal is taken.

It is said by the appellants that the paragraph of the answer reciting that L. A. Moore had advised the garnishee that she had executed her assignment in writing in favor of A. S. Upson of all interest in and to said policy, raises the only question important to consider on this appeal. A motion has, however, been introduced by the respondents to dismiss this appeal on the ground that the order appealed from is not an appealable order. We think the motion must be sustained. Without specially reviewing all of the provisions of title 36, Bal. Code, in relation to appeals to the supreme court, we are convinced that this is not such a final determination as is contemplated by the provisions of that chapter. The case is still pending in the superior court and, upon the trial of the cause, the sufficiency of the answer objected to will no doubt be determined. Conceding, without deciding, that the answer of the garnishees is not sufficient, yet a motion for judgment was not the proper practice. The petitioner cannot by reason of a defective pleading move for judgment. He must pursue his remedy against the pleading by demurrer or motion. The law provides, and this court has often decided, that, upon the final determination of a cause on appeal, all errors which were made during the pendency of the action will be reviewed, and the cause will not be tried piecemeal by entertaining appeals from the different errors which may be alleged to have been committed by the court during the trial of the cause.

The order not being appealable, the appeal will be dismissed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.