[No. 8189.   Department One.   July 27, 1909.]

THE CITY OF TACOMA, *Respondent*, v. NISQUALLY POWER

COMPANY, *Appellant*.[1]

EMINENT DOMAIN—PROCEEDINGS—APPEAL—DECISIONS APPEALABLE. An order adjudging a public use and necessity in condemnation proceedings, brought by a city under Laws 1907, p. 316, is reviewable on appeal from the final judgment, and therefore is not appealable prior thereto; since Bal. Code, § 6500, subd. 1, authorizes the review, on appeal from the final judgment, of any order made before judgment, and Laws 1907, p. 316, § 51, provides for appeals in condemnations as in other civil actions.

[1]Reported in 103 Pac. 49.

Appeal from an order of the superior court for Pierce county, Easterday, J., entered July 6, 1909, after a hearing before the court, adjudging a public use and necessity, in condemnation proceedings. Appeal dismissed.

*Hayden & Langhorne*, for appellant.

*T. L. Stiles, Frank R. Baker*, and *Frank A. Latcham*, for respondent.

Rudkin, C. J.—The city of Tacoma instituted proceedings in the court below to condemn and appropriate certain lands, water and water rights, in furtherance of its plan to construct a power plant to supply the city with electricity for light and power purposes. The proceedings were instituted under chapter 153 of the Laws of 1907, page 316, enabling certain cities to exercise the right of eminent domain. The present appeal is prosecuted from an order adjudging the contemplated use to be a public one, and that public necessity required the prosecution of the enterprise.

The city of Tacoma has interposed a motion to dismiss the appeal on the ground that the order in question is not appealable, and can only be reviewed on appeal from the final judgment in the cause. Section 51 of the act under which the proceedings were instituted provides in part as follows:

"Except as herein otherwise provided, the practice and procedure under this act in the superior court and in relation to the taking of appeals and prosecution thereof, shall be the same as in other civil actions, but all appeals must be taken within thirty days from the date of rendition of the judgment appealed from." Laws 1907, p. 316, § 51.

In the case of *Puyallup v. Lacey*, 43 Wash. 110, 86 Pac. 215, we held that an order adjudicating the question of public use and public necessity was reviewable on appeal under a similar statutory provision, and both parties to the present controversy concede that that rule is applicable here. They only differ as to the method of review, the appellant

contending that the order itself is appealable, while the respondent contends that a review can only be had on appeal from the final judgment in the cause, as already stated. The language of this court in *State ex rel. Northern Pac. R. Co. v. Superior Court*, 46 Wash. 303, 89 Pac. 879, gives color to the appellant's contention, for there the court said:

"In *Puyallup v. Lacey*, 43 Wash. 110, 86 Pac. 215, we held that this language made the general statutes relating to appeals applicable to such proceedings, and that under these statutes an appeal would lie from the order adjudging that the contemplated use for which the property is sought to be taken is really a public use, as well as from the order fixing the sum to be paid for the property taken or damaged."

From this language it might be inferred that the order adjudicating the question of public use is itself appealable, but no such question was then before the court. The court was simply considering the question whether the relator had a remedy by appeal in any form, and the statement as to what was decided in *Puyallup v. Lacey* is inaccurate if not misleading. The question here presented was not involved in the *Puyallup* case. There the appeal was prosecuted from a final judgment of dismissal, and the question of the right to appeal from an order of this kind was neither discussed nor considered. The question is therefore an open one in this court.

Subd. 1 of Bal. Code, § 6500 (P. C. § 1048), provides that an appeal will lie,

"From the final judgment entered in any action or proceeding, and an appeal from any such final judgment shall also bring up for review any order made in the same action or proceeding either before or after the judgment, in case the record sent up on the appeal, or any supplementary record sent up before the hearing thereof, shall show such order sufficiently for the purposes of a review thereof."

There is no room to controvert the proposition that the order from which the present appeal is prosecuted is an or-

der made before judgment in the condemnation proceedings, within the purview of this statute, and that such order may be reviewed on appeal from the final judgment. It is the policy of the law, and has heretofore been the policy of this court, to discourage a multiplicity of appeals and to deny an appeal from all orders that may be reviewed on appeal from the final judgment, unless an appeal is expressly given by statute. *Windt v. Banniza*, 2 Wash. 147, 26 Pac. 189; *Schlotfeldt v. Bull*, 13 Wash. 242, 43 Pac. 33; *Green v. Moore*, 24 Wash. 241, 64 Pac. 151.

In *Windt v. Banniza*, the court said:

"Ordinarily speaking, every step taken in an action is a proceeding; and, if every proceeding were appealable, then this court might be compelled to sit in judgment upon the ruling of the lower court in changing the place of trial of an action, or in overruling a demurrer. We do not believe the legislature intended that the word should be understood in any such sense. But we do believe that the court should not depart from the well known and established principles of the common law, and permit a cause to be brought before it by piecemeal for review, unless clearly authorized so to do by legislative enactment."

Authorities have been cited from other jurisdictions, but their statutes relating to appeals, and more especially their statutes relating to eminent domain proceedings, differ so radically from our own that the cases throw but little light upon the general question under discussion. Thus in *New Milford Water Co. v. Watson*, 75 Conn. 237, 52 Atl. 947, 53 Atl. 57, an appeal was allowed from an order of the superior court appointing appraisers under the Connecticut eminent domain statute, but in speaking of such an order the court said:

"It ordinarily closes the judicial part of the proceedings, what remains to be done being of an administrative character, as the appraisers discharge only a *quasi* judicial function."

In *In re St. Paul & N. P. R. Co.*, 34 Minn. 227, 25 N. W.

345, and *State ex rel. Chicago & N. W. R. Co. v. Oshkosh etc. R. Co.*, 100 Wis. 538, 77 N. W. 193, similar orders were held to be appealable. In *Wheeling etc. Bridge Co. v. Wheeling Bridge Co.*, 138 U. S. 287, 34 L. Ed. 967, it was held that a writ of error would lie to the supreme court of appeals of West Virginia to review a judgment of that court affirming an order appointing appraisers under a condemnation statute, but the court held the order final because it had been so held in the state court. On the other hand, in *Luxton v. North River Bridge Co.*, 147 U. S. 337, 13 Sup. Ct. 356, 37 L. Ed. 194, speaking of the finality of an order of the circuit court of the United States for the district of New Jersey appointing appraisers under the New Jersey statute, the court said:

"The action of that court in this case, as in other cases on the common law side, is not reviewable by this court by writ of certiorari; *United States v. Young*, 94 U. S. 258, 24 L. Ed. 153; but only by writ of error, which does not lie until after final judgment, disposing of the whole case, and adjudicating all the rights, whether of title or of damages, involved in the litigation. The case is not to be sent up in fragments by successive writs of error."

And so here. An appeal will only lie from the final judgment disposing of the whole case and adjudicating all the rights involved in the litigation, whether of public use and public necessity or of damages. The case is not to be brought to this court in fragments by successive appeals.

The motion to dismiss is therefore granted.

FULLERTON, CHADWICK, and GOSE, JJ., concur.