[Civil No. 1317.   Filed May 17, 1913.]

[132 Pac. 300.]

## R. M. McBROOM, Appellant, v. J. WARREN YOUNG, Appellee.

1. APPEAL AND ERROR—APPEAL BOND—TIME OF FILING—SUFFICIENCY.— Under Civil Code of 1901, paragraph 1516, providing that a bond on appeal shall be of no effect unless accompanied by an affidavit of the sureties and that unless the sureties justify within five days after notice that the adverse party excepts to the sufficiency of the sureties the appeal shall be regarded as if no bond had been given, a failure to justify an exception to the sufficiency of the sureties is fatal to the bond, and a second bond not filed within the statutory time after notice of appeal is unavailing.

2. APPEAL AND ERROR—BOND ON APPEAL—TIME OF FILING.—The statute fixing the time within which an appeal bond must be filed is mandatory, and the filing of the bond within the statutory time is jurisdictional.

3. APPEAL AND ERROR—BOND—FILING.—Laws of 1912, chapter 44, permitting appellant to file a legal and sufficient bond, applies only to cases where the appeal bond has been filed within the statutory time, in which case the supreme court on defects or informalities in the bond may impose terms and direct the filing of a legal and sufficient bond.

APPEAL from a judgment of the Superior Court of the County of Gila.  G. W. Shute, Judge.  Appeal dismissed.

The facts are stated in the opinion.

Mr. J. S. Sniffen, for Appellant.

Mr. Geo. R. Hill, for Appellee.

FRANKLIN, C. J.—Appellee moves to dismiss this appeal because appellant has failed to file an appeal bond within the statutory time.

The moving papers, which are not contested, show that the judgment was rendered on April 5, 1913, at which time the defendant gave notice of appeal, and thereafter filed a bond for the purpose of perfecting the appeal. The plaintiff excepted to the sufficiency of the sureties and served and filed his exceptions on April 15, 1913. That no attempt was made to justify, but on April 25, 1913, defendant's counsel appeared in court and asked for an extension of time for making such justification, which request was denied. Thereafter defendant filed another bond, but not within twenty days after giving his notice of appeal.

Revised Statutes of Arizona of 1901, paragraph 1516, provide: "1516. (Sec. 307.) A bond on appeal or writ of error shall be of no effect unless accompanied by the affidavit of each of the sureties that he is worth the amount for which he has signed over and above his just debts and liabilities exclusive of property exempt from execution. The adverse party may except as to the sufficiency of the sureties within five days after the filing of the bond, and unless they or their sureties justify before a judge of the court below or the district clerk within five days thereafter (upon notice to the adverse party) the appeal shall be regarded as if no such bond had been given." What the effect of the first sentence of the above paragraph may be when construed in connection with chapter 44, first legislature, regular session 1912, it is not necessary to decide upon this motion; but we are persuaded that upon exception made to the sufficiency of the sureties on an appeal bond a failure to justify as required by the last sentence thereof is fatal to the bond. In the language of the statute, "the appeal shall be regarded as if no such bond had been given." If, upon exception, the sureties fail to justify, as required by the statute, the act of filing the bond avails nothing. It is just as if no bond had been filed. The territorial supreme court, however, has held the paragraph mandatory and a failure to comply with either provision thereof to be jurisdictional. *Halladay* v. *Hall,* 13 Ariz. 258, 108 Pac. 479; *McDonald* v. *Ellis,* 4 Ariz. 189, 36 Pac. 37. The second bond not having been filed within twenty days after giving the

notice of appeal also avails nothing, as the time within which the bond should be filed is mandatory and jurisdictional. *Shattuck* v. *Costello*, 8 Ariz. 255, 71 Pac. 940.

This is not a case where we can impose terms under chapter 44, First Legislature, Regular Session 1912, permitting appellant to file a legal and sufficient appeal bond. This chapter does not contemplate an extension of time within which an appellant may file his bond on appeal, nor does it relieve him from the necessity of filing the bond on appeal within the statutory time and complying with the provisions of paragraph 1516, concerning the justification of sureties. The chapter referred to is to be applied to cases only when the appeal bond, or affidavit in lieu thereof has been filed within the statutory time. When a bond has been so filed and the provisions of the statute relating to the justification of sureties complied with (if there be exception to the sufficiency of the sureties), then only may this court, if upon inspection the original bond is found objectionable on account of some defect or informality, impose terms and direct the filing of a legal and sufficient appeal bond.

We have no jurisdiction in this matter but to dismiss the appeal, and it is so ordered.

CUNNINGHAM and ROSS, JJ., concur.