(August 19, 1913.)

## CHAS. A. McLEAN et al., Plaintiffs, v. THE DISTRICT COURT OF THE EIGHTH JUDICIAL DISTRICT et al., Defendants.

[134 Pac. 536.]

Eminent Domain—Condemnation—Right of Appeal—Stay of Pro-
ceedings—Prohibition as a Remedy—Railroad Corporations—
Public Highways.

1.  Where application is made for a writ prohibiting a trial judge from proceeding in a condemnation suit to appoint commissioners, and upon hearing said application is not contested as a proper remedy, this court will not pass upon the question as to whether or not prohibition is a proper remedy.

2.  Sec. 4807, Rev. Codes, as amended by Sess. Laws 1911, p. 367, provides that "An appeal may be taken to the supreme court from a district court: 1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered . . . . within sixty days after the entry of such judgment."

3.  Sec. 5228, Rev. Codes, provides: "Except as otherwise provided in this title, the provisions of this code relative to civil actions and new trials and appeals, are applicable to, and constitute, the rules of practice in the proceedings in this title."

4.  The provisions of sec. 4807, as amended by Laws of 1911, p. 367, and sec. 5228, apply to and constitute the rules of practice in proceedings in condemnation actions.

5.  Sec. 4807, Rev. Codes, as amended by Sess. Laws 1911, p. 367, and sec. 5228, relating to civil actions and new trials and

appeals, are applicable to and constitute the rules of practice in proceedings in condemnation actions.

6. When a judgment is rendered upon questions in issue, such as the right to condemn land and the necessity for the condemnation, and the court makes findings upon such questions and renders a judgment in favor of the plaintiff that the right of condemnation exists and that the necessity exists, and the judgment affects substantial rights, and an appeal is taken to the supreme court from such judgment as provided by law, such judgment is a final judgment upon the issues presented in the condemnation proceedings which involve the right of the plaintiff in the action to maintain a condemnation action and the necessity of the condemnation of the lands sought to be condemned, and the judgment upon such issues from which the appeal is taken is the basis upon which demand is now made for a writ of prohibition, such judgment is not an interlocutory order, nonappealable, but is a final judgment upon the issues in a special proceeding, and may be reviewed on appeal.

7. The sections of the statute heretofore cited, including sec. 5226, Rev. Codes, wherein it is expressly provided that the condemning party should be let into possession, clearly provide for an appeal from a final judgment in an action or special proceeding, and that such appeal does not stay or interfere with the rights of either party to the condemnation suit to proceed in the district court or upon an appeal as provided by law.

8. Art. 11, sec. 5 of the constitution provides: "All railroads shall be public highways and all railroad, transportation, and express companies shall be common carriers, and subject to legislative control," and when a railroad is organized under the laws of the state as a railroad corporation and for public use, such railroad is governed by the constitutional provision and the statutes of the state, and all railroads are to be public highways and common carriers, subject to legislative control."

Original action for a writ of prohibition. Demurrer to the complaint sustained. *Action dismissed.*

McFarland & McFarland, Whitla & Nelson and C. L. Heitman, for Plaintiffs.

Where an appeal has transferred the proceedings to a higher court, the lower court is then without any jurisdiction to further proceed.

"Pending an appeal which operates as a stay of proceedings, or pending a decision on the application for such an appeal, prohibition will issue to restrain the trial court from proceeding further in the cause." (32 Cyc. 608; *Livermore v. Campbell,* 52 Cal. 75; *State ex rel. McDonald v. Superior Court,* 6 Wash. 112, 32 Pac. 1072; *State ex rel. Schloss v. Superior Court,* 3 Wash. 696, 29 Pac. 202.)

"During the pendency of the appeal, the court below could do no act which did not look to the holding of the subject of the litigation just as it existed when the decree was rendered." (*Stewart v. Superior Court,* 100 Cal. 543, 35 Pac. 156, 563.)

The law explicitly provides for an appeal from final judgment in special proceedings.

This court has held that sec. 5228, Rev. Codes, constitutes the law of appeals, except as otherwise explicitly provided. (*Chicago M. & St. P. Ry. Co. v. Trueman,* 18 Ida. 687, 112 Pac. 210.)

In all courts where statutes like or similar to Idaho are involved, an appeal lies. (*In re St. Paul & N. P. Ry. Co.,* 34 Minn. 227, 25 N. W. 345; *State ex rel. C. & N. W. Ry. Co. v. Oshkosh A. & B. W. R. Co.,* 110 Wis. 538, 77 N. W. 193; *Gill v. Milwaukee & L. W. R. Co.,* 76 Wis. 293, 45 N. W. 23; *Wisconsin C. R. Co. v. Cornell University,* 49 Wis. 162, 5 N. W. 331.)

Appeal bonds stay proceedings in such case. (*Daly v. Ruddell,* 129 Cal. 300, 61 Pac. 1080; *City of Los Angeles v. Pomeroy,* 132 Cal. 340, 64 Pac. 477.)

It has many times been held that a railroad organized solely for one purpose or another is not a railroad company within the meaning of the law governing railroad corporations. (*In re Niagara Falls & Western Ry. Co.,* 108 N. Y. 375, 15 N. E. 429; *In re Split Rock Cable Road Co.,* 128 N. Y. 408, 28 N. E. 506.)

The courts do not take for granted just what the petitioner says or what it alleges in its articles of incorporation, but the court looks behind the mask and determines the true character of the enterprise. (*Chicago & E. I. R. Co. v. Wiltes,* 116 Ill.

449, 6 N. E. 49; *Pittsburg & C. R. Co. v. Benwood Iron Works,* 31 W. Va. 710, 8 S. E. 453, 2 L. R. A. 680.)

No railroad company has a right to incorporate for the purpose of condemning a right of way to act as a private carrier of any certain commodity, and its act in so doing is an imposition on the law, and the condemnation proceedings will be annulled. (*People ex rel. Robinson v. Pittsburgh Ry. Co.,* 53 Cal. 694; *Denver R. L. & C. Co. v. Union Pac. Ry. Co.,* 34 Fed. 386.)

Where it appears so strong and so conclusively as it does in this case that this pretended railroad is not a railroad at all, but is simply a logging road and a tram road, to be temporarily constructed for the sole purpose of getting out a certain class of freight and commodity, it shows its lack of being within the provisions of the statute, namely, one which carried both freight and passengers upon equal terms and runs upon regular schedules and provides ample facilities, starting and stopping at regular places. (Sec. 2810, Rev. Codes.) It is disclosed in this case that this road ends about three or four miles from its starting place on a quarter section of land claimed to be owned by Cox and far from any public place. (*Apex Trans. Co. v. Garbade,* 32 Or. 582, 52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513; *Healy Lumber Co. v. Morris,* 33 Wash. 490, 99 Am. St. 964, 74 Pac. 681, 63 L. R. A. 820; *Kyle v. Texas & N. C. R. Co.* (Tex. App.), 4 L. R. A. 275; *Sholl v. German Coal Co.,* 118 Ill. 427, 59 Am. Rep. 379, 10 N: E. 199.)

John P. Gray and F. M. McCarthy, for Defendants.

This court, in the case of *Budge v. Portneuf Irr. Co.,* 16 Ida. 116, held that the provisions of sec. 5226, Rev. Codes, are constitutional, and especially the latter part of said section, which gives possession of the land to the condemning party pending the final conclusion of the litigation.

The decisions of the California courts, because of the similarity in the provisions of the two statutes, are entitled to great consideration in the decision of this proceeding. (*County of San Luis Obispo v. Simas,* 1 Cal. App. 175, 81

Pac. 973.)   Sec. 4825 of the Idaho code is identical with sec. 957 of the California code, construed in the case of *Spring Valley Water Works v. Drinkhouse*, 95 Cal. 220, 30 Pac. 218.

If there should be any question with reference to any conflict between the general statute and the special statute, that question is forever set at rest by the decision in the case of *Reed Orchard v. Superior Court*, 19 Cal. App. 648, 128 Pac. 9, 18.   See, also, *Whatcom County v. Yellowkanim*, 48 Wash. 90, 92 Pac. 892; *State ex rel. St. Paul, M. & M. Co. v. Dist. Court*, 35 Minn. 461, 29 N. W. 60.

Upon the face of the petition in this case and by the exhibits attached to the application it is shown that the district court had jurisdiction of the matter, that the proceedings were regular, and that being the case, this court will not interfere. (*Utah Assn. of Credit Men v. Budge*, 16 Ida. 751, 102 Pac. 390, 691; *Texas N. & O. R. Co. v. Orange & N. W. R. Co.*, 29 Tex. Civ. App. 38, 68 S. W. 801.)   The pretended appeal in this case did not stay proceedings in the condemnation case.   (*Smith v. Cleveland etc. R. R. Co.*, 170 Ind. 382, 81 N. E. 501; *Consumers' Gas Co. v. Harless*, 131 Ind. 446, 29 N. E. 1063, 15 L. R. A. 505; *Davis v. Northwestern Electric Ry. Co.*, 170 Ill. 595, 48 N. E. 1058; *Byrnes v. Douglass*, 23 Nev. 83, 42 Pac. 798; *State ex rel. Volunteer Min. Co. v. McHatton*, 15 Mont. 159, 38 Pac. 711; *Fisher v. District Court*, 4 Ariz. 254, 36 Pac. 176; *Wabash R. R. Co. v. Ft. Wayne etc. Co.*, 161 Ind. 295, 67 N. E. 674; *Village of Prairie Du Rocheur v. Schoening etc. Milling Co.*, 251 Ill. 341, 96 N. E. 249; *Spratt v. Helena Power Transmission Co.*, 37 Mont. 60, 94 Pac. 631; *Heilbron v. Superior Court*, 151 Cal. 271, 90 Pac. 706; *McClain v. People*, 9 Colo. 190, 11 Pac. 85.)

The order in this case, from which the appeal is pretended to have been taken, is merely interlocutory and not reviewable by the supreme court on appeal.   The only determination reviewable by the supreme court in such a proceeding under the statute is the final judgment approving the awarding of the commissioners, or verdict of the jury as to the amount of damages, and the order of condemnation and appropriation, and on review of such judgment, the right to condemn, the

necessity for the taking and other interlocutory questions are determinable. (*Burlington & Colorado R. Co. v. Colorado Eastern R. Co.,* 45 Colo. 222, 100 Pac. 607, 16 Ann. Cas. 1002.)

The judgment entered is interlocutory only and not appealable. (*Chicago Terminal Transfer R. Co. v. Preucil,* 236 Ill. 491, 86 N. E. 117; *Erie R. Co. v. Steward,* 59 App. Div. 187, 69 N. Y. Supp. 57; *St. Johnsville v. Smith,* 61 App. Div. 380, 70 N. Y. Supp. 880; *Cockcroft's Appeal,* 60 Conn. 161, 22 Atl. 482; *In re New York etc. R. Co.,* 99 N. Y. 388, 2 N. E. 35; *Bowersox v. Seneca County,* 20 Ohio St. 496; *State v. Superior Court,* 46 Wash. 35, 89 Pac. 178; *Tacoma v. Nisqually Power Co.,* 54 Wash. 292, 103 Pac. 49; *State v. Superior Court,* 28 Wash. 317, 92 Am. St. 831, 68 Pac. 957; *Wheeling Bridge etc. Co. v. Wheeling Steel Co.,* 41 W. Va. 747, 24 S. E. 651; *Wheeling etc. R. Co. v. Atkinson,* 53 W. Va. 539, 44 S. E. 773; *White Oak R. Co. v. Gordon,* 61 W. Va. 519, 56 S. E. 837.)

The decision of this court in the case of *Connolly v. Woods,* 13 Ida. 591, 92 Pac. 573, forever decided that a railroad company which seeks to appropriate lands under the eminent domain laws of the state of Idaho had to serve the public without discrimination. Our constitution does not provide as to what length the road should be, does not provide what equipment it should have before it seeks to appropriate land. The ultimate and the controlling question in all cases is whether the public has a right to use that road when completed, and when put in operation all other considerations are discarded. The constitution of this state provides that all railroads are declared to be public highways and common carriers, subject to legislative control. It is stated in the petition that the road is but a short road; that is immaterial. (*State v. Superior Court,* 56 Wash. 214, 105 Pac. 637; *Bridwell v. Gate City Terminal Co.,* 127 Ga. 520, 56 S. E. 624, 10 L. R. A., N. S., 909; *Chicago & N. W. R. Co. v. Morehouse,* 112 Wis. 1, 88 Am. St. 918, 87 N. W. 849, 56 L. R. A. 240; *Collier v. Union R. Co.,* 113 Tenn. 96, 83 S. W. 155; *Brown etc. v. Chicago G. W. R. Co.,* 137 Mo. 529, 38 S. W. 1099; *Wellsburg & S. L. R. Co. v. Panhandle Traction Co.,* 56 W. Va. 18, 48 S. E. 746; *Riley v. Louisville etc. R. Co.,* 142 Ky. 67, 133 S.

W. 971, Ann. Cas. 1913D, 230, 35 L. R. A., N. S., 636; *Dotson v. Atchison T. & S. F. Ry. Co.*, 81 Kan. 816, 106 Pac. 1045; *Potlatch Lumber Co. v. Peterson*, 12 Ida. 769, 118 Am. St. 233, 88 Pac. 426; *National Docks & N. J. C. R. Co. v. United Companies*, 53 N. J. L. 217, 26 Am. St. 421, 21 Atl. 570; *Chapman v. Trinity Valley & N. R. Co.* (Tex. Civ. App.), 138 S. W. 441.) The character of the way, whether public or private, is determined by the extent of the right to use and not by the extent to which that right is exercised. (*Caretta R. Co. v. Virginia-Pocahontas Coal Co.*, 62 W. Va. 185, 57 S. E. 401; *Colorado E. Ry. Co. v. Union Pac. R. Co.*, 41 Fed. 293; *State ex rel. Milwaukee T. R. Co. v. Superior Court*, 54 Wash. 365, 103 Pac. 469, 104 Pac. 175; *St. Louis I. M. & S. R. Co. v. Fort Smith & V. B. R. Co.* (Ark.), 148 S. W. 531.)

The fact that private individuals and corporations having a special interest in the construction of a railroad have subscribed to its capital stock did not deprive the road of its public character and did not deprive it of its right to condemn a right of way. (*State v. Superior Court*, 56 Wash. 214, 105 Pac. 637.)

STEWART, J.—This is an original proceeding in this court for a writ of prohibition, and is based upon an affidavit of Joseph T. Carrol and William Dollar. The facts stated in the affidavit are that Carrol is the vice-president and general manager of the applicant, the Coeur d'Alene Lumber Company, and that Dollar is the secretary-treasurer of the applicant, the Stacks-Gibbs Lumber Company, and that affiants make this affidavit for and in behalf of these applicants and the other applicants, Charles A. McLean and Mrs. Charles A. McLean, husband and wife; that the applicant, the Coeur d'Alene Lumber Co., is a corporation created, organized and existing under the laws of the state of Washington and authorized to do business and to acquire and hold property in the state of Idaho with its principal place of business in the city of Coeur d'Alene (which corporation for convenience will hereafter in this opinion be designated the Coeur d'Alene Company); that the applicant, the Stack-Gibbs Lumber Company, is a corpora-

tion created, incorporated, organized and existing under and by virtue of the laws of the state of Michigan, authorized to do business and acquire and hold property in the state of Idaho, with its principal place of business in Idaho at Gibbs, a suburb of the city of Coeur d'Alene in Kootenai county (which corporation for convenience will hereafter be designated in this opinion the Stack-Gibbs Company); that all of said applicants are the owners of large bodies of timber land situated in Kootenai county, and that the applicants, the Coeur d'Alene Company and the Stack-Gibbs Company, are the owners and operators of large lumber manufacturing plants in the city of Coeur d'Alene and at Gibbs, in said county; that the Renfro Creek Railway Company claims to be a corporation organized and incorporated under the laws of the state of Idaho, and that as plaintiff, on March 7, 1913, filed a complaint in the district court of Kootenai county, in which the applicants herein were made defendants, and in which complaint the said Renfro Creek Railway Co. sought authority from the district court to condemn and appropriate certain lands of the applicants for a pretended railway right of way, a copy of which complaint was made a part of the application in this court; that thereafter on April 19, 1913, the Renfro Creek Railway Co. in said condemnation proceeding filed an amended complaint, which is also made a part of the application; that the Coeur d'Alene Company, the Stack-Gibbs Company and the McLeans each filed answers to the complaint in the condemnation proceeding, all of which answers are annexed to and made a part of the application; that a hearing was had upon the complaint and answer before Honorable Robert Dunn, judge of the district court, who is made a defendant in this action, and that said judge on May 19, 1913, made and signed his findings of fact and conclusions of law which were filed on May 21, 1913, and such findings of fact and conclusions of law are made a part of the application, in favor of the railway company, granting to said railway company the right to condemn and appropriate the lands of the defendants in said condemnation proceedings, the applicants in this proceeding, for a right of way; that said

district judge on May 19, 1913, in said condemnation proceeding signed a judgment which was filed May 21, 1913, in favor of the railway company, which judgment is made a part of the application, and in said judgment was incorporated an order appointing Fred J. Russell, S. L. Carmon and O. E. Hailey, defendants in this proceeding, commissioners to assess and appraise the values and damages which McLean and wife, the Coeur d'Alene Company and the Stack-Gibbs Company might sustain by reason of the condemnation and appropriation of their lands for said right of way; that said commissioners were qualified as such and served notice on all of the defendants, the applicants in this proceeding, that the commissioners would on May 31st, 1913, proceed to take testimony in said condemnation proceeding, and such notice is made a part of the application; that on May 26, 1913, the defendants in said condemnation proceeding, who are the applicants in this proceeding, filed and served notice of appeal to the supreme court from the judgment and order entered and filed in the condemnation proceeding in favor of the Renfro Railway Co., and the notice of appeal is made a part of the application; that the said applicants on May 26, 1913, executed and filed with the clerk of the district court an undertaking on appeal in due and proper form in the sum of $300, and said undertaking was approved by the clerk of the district court and such appeal has not been withdrawn and is now pending; that the applicants are advised and believe that the taking and perfecting of the appeal in the condemnation proceeding stays all further proceedings in the condemnation proceeding until the hearing and determination of said appeal, but that the trial judge refuses to make an order staying the proceedings in the condemnation action pending the appeal, and refuses to direct or instruct the commissioners appointed to suspend further action during the pendency of the appeal; that the commissioners, in accordance with their notice, give out and threaten that they will proceed to take testimony in said proceeding, and award to the several defendants, who are the applicants in the present proceeding, the value of their lands sought to be

condemned, and damages, if any they find, and that unless said district judge and said commissioners be restrained and prohibited by writ of prohibition, they will consummate the condemnation proceedings and that the railroad company will take possession of the lands and build and construct and operate a railroad over the lands of the applicants; that the district judge and the commissioners are acting without or in excess of their jurisdiction; that under and by virtue of the provisions of secs. 4810, 4811, 4812, 4813, 4814, 4815 and 4817 of the Revised Codes, the perfecting of the appeal by the applicants, who are the defendants in the condemnation proceeding, by act and operation of the law stayed all proceedings in the district court upon the judgment and order appealed from, and that said commissioners have no jurisdiction to act in the said condemnation proceedings pending said appeal until the same is heard and determined.

Then follow allegations which are somewhat lengthy and many of which this court is of the opinion are not essential in determining the issues involved in this case. The essential and controlling allegations are those which are claimed to show that the railroad company was organized with a capital of $25,000, divided into 25 shares of the par value of $1,000; that 23 of the shares were subscribed by J. F. Cox, the president of the railway company, one share by Reiley and one by King, and that there is no evidence that any of the subscriptions have been allowed and paid; that the subscribers to the stock are men of small means; that Cox and Reiley are not financially able to pay their subscriptions; that the proposed railroad is only four miles long, and that the railway company has no locomotive, cars, rails or other railroad equipment of any kind, and that the rails, locomotives and other equipment to be used in operating the railroad are leased for a short time only and for temporary purposes only; that the cars to be used are to be furnished for temporary purposes only by another railroad company; that no part of the equipment will become an asset or assets of the railroad company which would be subject to the indebtedness of the railway company; that the railroad, if constructed, will be

operated by Cox merely as a logging road for the purpose
of taking to market the timber products of Cox who is by
occupation a timber contractor, and that said road will not be
built for the purpose of carrying freight and passengers at
regular intervals; that in the month of September, 1912,
Cox, acting individually, went upon the lands belonging to
the applicants herein, without any right whatever so to do,
and unlawfully chopped and cut down standing timber, and
wrongfully commenced to grade a railroad right of way
thereon for the purpose of building a logging railroad.

Then follow allegations in regard to the filing of a com-
plaint on the 28th of December, 1912, to condemn the lands
of the applicants for a right of way for a railroad for the
transportation of logs to market. Thereafter proceedings
were had, attorneys appeared, and hearings were had which
resulted in dismissing the plaintiff's complaint and no appeal
was taken. Thereafter Cox caused the Renfro Creek Rail-
way Company to be incorporated, which company brought
the action on March 7, 1913, heretofore referred to. The
latter action for condemnation involves the same lands which
Cox originally sought to secure by trespass.

Then follow allegations that the lands owned by the appli-
cants are timber lands and that the railroad company seeks
to have a right of way across said lands; that such lands are
valuable principally for timber and are covered with a heavy
growth of pine, fir and cedar and other merchantable timber,
all of which is of great value; that said timber is in great
jeopardy from danger by fire, and that the operation of said
railroad would very greatly enhance the fire risk and danger
and would entail very great expense upon the applicants in
guarding the timber from fire; that this application is pros-
ecuted in this court in good faith and honest belief that in
refusing to order a stay of proceedings pending the hearing
and determination of the appeal, and in refusing to direct the
commissioners to suspend the actions and proceedings under
the order, the district judge exceeded his jurisdiction, and
that the commissioners in refusing to suspend their action in
said condemnation proceedings are acting without and beyond

their jurisdiction. Good faith of the applicants and reasons are alleged for applying originally to this court rather than to the district court, and the prayer of the application is that a writ of prohibition issue restraining the defendant from proceeding further in any manner in said condemnation proceeding pending the hearing and determination of the appeal of the applicants from the judgment and order rendered, entered and filed in said condemnation proceeding in favor of the railroad company and against the applicants.

The defendants filed a demurrer to the application for the writ of prohibition and moved the court to dismiss the same. Both the demurrer and the motion state the same grounds, which are as follows:

"1. That the said petition for writ of prohibition does not state facts sufficient to constitute a cause of action against the defendants, or either of them.

"2. That the plaintiff and petitioners have no standing herein for the reason that they, and each of them, have a plain, speedy, adequate and complete remedy at law by appeal and by the trial of said condemnation suit, stay of proceedings in which is sought in this proceeding.

"3. For the reason that it appears from said petition that the said district court and the judge thereof had jurisdiction of the subject matter of the suit and of the parties, and in proceeding was acting regularly and in accordance with the laws of the state of Idaho and not in excess of the jurisdiction of said court or of said judge.

"4. That it appears from the said petition that the said commissioners, defendants herein, had jurisdiction of the subject matter, and that said commissioners in proceeding were acting within their jurisdiction and in accordance with the laws of the state of Idaho.

"5. For the reason that under the laws of the state of Idaho proceedings in condemnation cases are not stayed by the perfecting of any appeal from any order in such condemnation cases."

The first ground of demurrer presents the question of the sufficiency of the application. Three other grounds of de-

murrer specify the particular points on which the sufficiency of the application is based, to wit: (1) Is prohibition a proper remedy? (2) Has the defendant the right of appeal? (3) Does appeal stay all proceedings?

The defense in their brief and in the oral argument have not argued or contested the right of the applicants to apply for a writ of prohibition, and for that reason we will not discuss the same.

Upon the second question, as to the right of appeal in the condemnation suit in the district court instituted by the railroad against the applicants for the condemnation of property of the applicants for a right of way, the record shows that in the present case there is attached to and made a part of the application the entire proceedings in the condemnation suit in the district court, including the findings of the court and the judgment. The findings show that the court found, among other things, that the plaintiff is a railroad corporation, organized and existing under and by virtue of the laws of the state of Idaho, and has fully complied with all the provisions of the laws of the state of Idaho with respect to railroad corporations, and that it was authorized to acquire lands by purchase or by exercise of eminent domain for the uses and purposes of such railroad; and that the plaintiff has caused to be surveyed, laid out and staked upon the ground and located its line of railroad, and has acquired lands for right of way, which are fully set out in the application, and that for the purpose of construction, maintenance and operation of the railroad it is necessary for the plaintiff to acquire, have, take, hold and appropriate the particular portions of said parcels of land and each of them referred to and particularly described in the amended complaint of the plaintiff on file herein, to which reference is hereby made; that the object for which said lands are sought to be appropriated is for the construction, maintenance and operation of plaintiff's railroad and branch railroad, and for such use by the plaintiff in its business as a common carrier, and that said objects are public objects, and that the plaintiff will operate and maintain said railroad and said branch railroad as a common car-

rier, subject to the constitution and laws of the state of Idaho as a public service corporation; that there exists a necessity for the appropriation by the plaintiff of that part of the lands owned by the defendants and in the possession of the defendants, particularly described in the amended complaint, to enable the plaintiff to construct, maintain and operate said railroad and branch line as common carrier; that the plaintiff has heretofore sought in good faith to purchase the interests of said defendants, and each of them, in and to said strips of land sought to be condemned and taken, and to settle with the said defendants, and each of them, for the damages which result from the taking thereof, but that the plaintiff has been unable to make any reasonable bargain therefor, for the settlement of such damages with said defendants, or either of them; that the use to which the plaintiff seeks to apply the lands of the defendants is a public use under the constitution and laws of the state of Idaho, and that the taking of such parts and portions of the lands of the defendants in said amended complaint particularly described is necessary to such use.

The court also found, as a conclusion of law, that a commission should be appointed to assess the damages which the defendants, and each of them, may be entitled to by reason of the taking and appropriation of the said lands by the plaintiff; that judgment of appropriation and condemnation in the form provided by law be made and entered therein.

Upon the findings heretofore mentioned, together with other findings, the trial court rendered a judgment in favor of the plaintiff, and in the judgment, among other things, it is decreed that the plaintiff has the right and power to condemn and appropriate the property of the defendants, and each of them, sought to be appropriated, and that a necessity exists for the condemnation and appropriation thereof, and that the use to which the plaintiff seeks to apply the lands of the defendants, and each of them, is a public use authorized by law, and that the taking of the lands of the defendants is necessary to such use. It was further ordered that three disinterested persons, who are citizens and residents of the

county of Kootenai, state of Idaho, in which the lands described are situated, be appointed commissioners to assess and determine the damages which defendants, and each of them, will sustain by reason of the condemnation and appropriation of the property. After the entry of such judgment an appeal was taken from such findings and judgment entered by the trial court.

. The applicants rely upon sec. 4807, Rev. Codes, as amended by Sess. Laws 1911, p. 367, which provides that ''An appeal may be taken to the supreme court from a district court: 1. From a final judgment in an action or special proceeding commenced in the court in which the same is rendered . . . . within sixty days after the entry of such judgment.'' Our attention is also called to sec. 5228, Rev. Codes, which is a part of title 7 relating to eminent domain, which is in the following language: ''Except as otherwise provided in this title, the provisions of this code relative to civil actions and new trials and appeals, are applicable to, and constitute, the rules of practice in the proceedings in this title.''

We think it is clear that sec. 4807, as amended by Sess. Laws 1911, p. 367, and sec. 5228, relating to civil actions and new trials and appeals, are applicable to and constitute the rules of practice in proceedings in condemnation actions. The judgment appealed from is a final judgment upon the issues presented in the condemnation proceedings, which involved the right of the plaintiff in the action to maintain a condemnation action, and the necessity of the condemnation of the lands sought to be condemned, and the judgment upon such issues from which the appeal is taken is the basis upon which demand is now made in this action for a writ of prohibition. We are satisfied that the judgment so entered is a final judgment upon the issues raised upon the pleadings and embraced in the findings and the judgment entered, and this conclusion we think is inevitable in view of the provisions of sec. 5226, Rev. Codes, when construed with secs. 4807 and 5228. If such appeal could not be maintained, then sec. 5226 would be of no force or effect. (*Portneuf Irr. Co. v. Budge,* 16 Ida. 116, 100 Pac. 1046, 18 Ann. Cas. 674.)

There can be no question whatever but that the legislature in enacting the eminent domain act of the Revised Codes, providing that the court is empowered to permit the plaintiff to take possession of the property sought to be condemned upon making payment into the court of the amount of damages assessed by the commissioners, intended to provide a speedy method of procedure by which railroad corporations are given authority and power to make improvements, *quasi-public* in character, without delay, and thus prevent embarrassment in the construction of the same, and thereby benefit both the railroad company and the owner of the land. This conclusion is supported by the cases of *Portneuf Irr. Co. v. Budge*, 16 Ida. 116, 100 Pac. 1046, 18 Ann. Cas. 674, and *Connolly v. Woods*, 13 Ida. 591, 92 Pac. 573.

The supreme court of Wisconsin, in the case of *State v. Oshkosh A. & B. W. R. Co.*, 100 Wis. 538, 77 N. W. 193, had under consideration a question very much in point in this case, although in that case the right of appeal is provided for by statute, and the court announces the following rule: "Where a corporation organized to construct and operate a railroad commenced proceedings to condemn a right of way across the tracks of a railroad company, an order appointing commissioners against defendant's objection that the petitioner did not have the right of eminent domain, is appealable, since it is a final order made by the court in a special proceeding."

In the case of *In re St. Paul & N. P. Ry. Co.*, 34 Minn. 227, 25 N. W. 345, the supreme court of Minnesota, in discussing the question of appeal in condemnation suits lays down the following rule: "Such order is a final order in a special proceeding and hence appealable. Among other things, it determined that the lands proposed to be taken were required and necessary for the proposed improvement. The question so determined would not again arise or be considered in the course of any subsequent proceedings, but was determined once for all, and affected a substantial right."

The supreme court of Minnesota, in the case of *In re Jones*, 33 Minn. 405, 23 N. W. 835, discussing a similar question, held: "The order was appealable. It was within the statute

which allows an appeal 'from a final order affecting a substantial right made in a special proceeding.' . . . . As respects that right, the order requiring the property to be surrendered to the receiver to be disposed of by him, and that the proceeds be retained and applied as the court might direct, was *final*, and it affected a substantial right."

While the court in announcing the rule in such case used the word "order," and in the case now under consideration the determination of similar questions is designated a "judgment," we think "judgment" and "order" are used in the same sense, but whether the action of the trial court is designated as an "order" or a "judgment," the order or judgment shows that the questions determined were that the lands proposed to be taken were required and necessary for the proposed improvement. The questions so determined by such order or judgment would not again arise or be considered in the course of any subsequent proceeding in this action; then the judgment or order does not fall within, and is not subject to the rule applied to a nonappealable order, but such order or judgment is a final order or judgment affecting a substantial right made in a special proceeding and may be reviewed on an appeal from such judgment or order.

The next contention of counsel for applicants is: Does the appeal stay the proceedings in condemnation proceedings as determined by the district court?

Chap. 2, tit. 13, Rev. Codes, relating to appeals to the supreme court, contains secs. 4810 to 4817, inclusive, wherein provisions are made with reference to sec. 5226 as to whether such sections apply in condemnation proceedings. Sec. 5226 in part refers to the possession by plaintiff of property in condemnation actions during the pendency of the suit, and is identical with sec. 1254 of the Code of Civil Procedure of California. In the case of *San Luis Obispo Co. v. Simas*, 1 Cal. App. 175, 81 Pac. 972, the supreme court of California had before it and construed the statutes of that state relating to the provisions of the general statutes granting a stay by filing an undertaking on appeal with reference to the provisions of eminent domain statutes granting possession by plaintiff

during the pendency and until final conclusion of the action, and in that case held that the provisions of sec. 1254, as then in force, created an exception to the general stay of proceedings provided for in sec. 941 of the California code, and that no error was committed by the trial court in denying a stay in the condemnation case during the pendency of the action, and held:

"The right of the court to make the order letting plaintiff into possession pending the appeal is denied. When the money was paid into court it was so paid for the owner, as is required by the constitution. (*Spring Valley Water Works v. Drinkhouse,* 95 Cal. 22, 30 Pac. 218.) Its amount had been determined by a valid judgment, which had been fully executed. (*Steinhart v. Superior Court,* 137 Cal. 578, 92 Am. St. 183, 70 Pac. 629, 59 L. R. A. 404.) In the case of *City of Los Angeles v. Pomeroy,* 132 Cal. 341, 64 Pac. 477, the appeal was taken before payment or final order. Since that decision was made, section 1254, Code of Civil Proc., has been so amended that as now in force it must be taken as creating an addition to the class of cases theretofore constituting exceptions to the general stay of proceedings provided for in sec. 941, Code of Civ. Proc. There was no error, therefore, in making the order or in refusing to permit proof of the appeal."

Sec. 4825, Rev. Codes, provides: "When the judgment or order is reversed or modified, the appellate court may make complete restitution of all property and rights lost by the erroneous judgment or order, so far as the restitution is consistent with the protection of a purchaser of property at a sale ordered by the judgment, or had under process issued upon the judgment on the appeal from which the proceedings were not stayed; and for relief in such cases, the appellant may have his action against the respondent enforcing the judgment for the proceeds of the sale of the property, after deducting therefrom the expenses of the sale. When it appears to the appellate court that the appeal was made for delay, it may add to the costs such damages as may be just."

By the provisions of said section it is expressly provided that the appellate court has the express power to grant complete restitution of all property and rights lost by an erroneous judgment, in the event that the judgment or order is reversed or modified.

This court had under consideration the taking possession of property upon payment of compensation, in the case of *Portneuf Irr. Co. v. Budge,* 16 Ida. 116, 100 Pac. 1046, 18 Ann. Cas. 674, and said:

"Now, it is argued by the plaintiff that after the fixing of this compensation by the commissioners and payment of the same by the plaintiff or into court for its benefit, possession may be taken and the property wasted, despoiled and ruined, and that thereafter the condemnation proceeding may be dropped or may terminate in favor of the land owner, in which event it will receive nothing for the damages and waste committed during the occupancy. That argument is successfully answered by the statute itself. The damages that will be sustained by the taking will be assessed by the commissioners before the entering upon the property by the company. The land owner will have the privilege and right of actually receiving that compensation in cash before the entry is made. If the company should ultimately fail in the proceeding, or should not prosecute the proceeding further, the land owner will still have the legal title to his property and also the value of the property as assessed by the commissioners."

In the case of *Reed Orchard Co. v. Superior Court,* 19 Cal. App. 648, 128 Pac. 9, 18, many questions urged in this case were carefully reviewed, and application was made for a writ of *supersedeas* to prevent the condemning party from taking possession of the property during the pendency of the appeal and a demurrer was filed to the application. In the opinion in that case the court approved the case of *San Luis Obispo Co. v. Simas, supra,* and held that where the statute provided that in condemnation cases proceedings should not be stayed, the provisions of the general law granting a stay of proceedings upon the filing of the bond upon appeal were not applicable; this was based upon the principle of law that where

there are two statutes treating the same subject, one special and the other general, unless they are irreconcilably inconsistent, the general statute will not be held to control the special statute. This same rule was followed in *Whatcom County v. Yellowkanim*, 48 Wash. 90, 92 Pac. 892; *State ex rel. St. Paul M. & M. Co. v. Dist. Court*, 35 Minn. 461, 29 N. W. 60.

The sections of the statute heretofore cited, including sec. 5226, Rev. Codes, wherein it is expressly provided that the condemning party should be let into possession, clearly provide for an appeal from a final judgment in an action or special proceeding, and that such appeal does not stay or interfere with the rights of either party to the condemnation suit to proceed in the district court or upon an appeal as provided by law. The authorities above cited clearly support the principle covered by the several sections of the statute above cited.

There are allegations in the petition, and argument was made upon the hearing, to the effect that the railroad company was not organized for the purpose of serving the public, but was organized for the sole purpose of carrying lumber and logs for personal use, and that there was to be no public use when the railroad was completed and put in operation. The court, however, finds in this case that the railroad company was organized under the laws of the state and for a public use, and under the constitution of this state, sec. 5, art. 11, that all railroads are public highways and common carriers, which brings it within the constitutional and statutory requirement that all railroads are to be public highways and common carriers "subject to legislative control," and it matters not what the intention of the corporation is or may be, it is made a common carrier by the constitution, and if the railroad company refuses to perform any of the duties it owes to the public, it may be compelled to act, and if it fails to operate its road, the property condemned reverts to the owner of the freehold. (*Portneuf Irr. Co. v. Budge*, 16 Ida. 116, 100 Pac. 1046, 18 Ann. Cas. 674; *Connolly v. Woods*, 13 Ida. 591, 92 Pac. 573; *Bridwell v. Gate City Ter-*

*minal Co.,* 127 Ga. 520, 56 S. E. 624, 10 L. R. A., N. S., 909; *Chicago & N. W. Ry. Co. v. Morehouse,* 112 Wis. 1, 88 Am. St. Rep. 918, 87 N. W. 849, 56 L. R. A. 240; *Collier ex rel. State v. Union Ry. Co.,* 113 Tenn. 96, 83 S. W. 155; *Wellsburg & S. L. R. Co. v. Panhandle Traction Co.,* 56 W. Va. 18, 48 S. E. 746.)

The demurrer, therefore, to the petition in this case for a writ of prohibition is sustained, and the alternative writ heretofore issued is quashed and the writ of prohibition denied.   Costs awarded to the defendant.

Ailshie, C. J., and Sullivan, J., concur.