(No. 5485.  December 31, 1929.)

GRANGEVILLE HIGHWAY DISTRICT, Respondent, v. JAMES F. AILSHIE, LUCIE AILSHIE and C. W. HAUNTZ, Appellants.

[285 Pac. 481.]

James F. Ailshie, for Appellants.

B. Auger, for Respondent,

GIVENS, J.—Appellants resisting the taking of their land for highway purposes have appealed from the adverse condemnation order of the trial court, and pending the disposition of the appeal seek a writ from this court staying further eminent domain proceedings in the trial court. In *McLean v. District Court,* 24 Ida. 441, Ann. Cas. 1915D, 542, 134 Pac. 536, this court held that an appeal did not operate as a stay.

Respondent has filed an answer urging the physical necessity of early and completed action in the construction of the road involved and only inferentially denying appellants' contention that the taking was unnecessary, but has filed no brief. On oral argument, respondent's theme was an early hearing of the appeal on its merits, and respondent did not urge nor rely upon C. S., sec. 7420, in resisting the stay.

Power to stay proceedings in condemnation actions has been heretofore recognized and exercised. (*Blackwell Lumber Co. v. Empire Mill Co.,* 29 Ida. 236, 158 Pac. 792.) As indicated in the last cited case, the appeal herein may be advanced and heard so that respondent will not be inconvenienced. Upon appellants filing a bond in the sum of $2,000 indemnifying respondent for any damage or loss occasioned by the delay, caused by the *supersedeas* herein, if respondents should prevail in the main action, further proceedings in the court below will be stayed.

Awarding of costs to await the determination of the main action.

Budge, C. J., and T. Bailey Lee, J., concur.

VARIAN, J., Dissenting.—Grangeville Highway District, "a body politic and corporate," and as such invested with the power of eminent domain (C. S., sec. 1505), with power

to sue and be sued, purchase and hold real estate, etc. (C. S., sec. 1506), brought this action under the general eminent domain statutes (C. S., tit. 56, chap. 270) to condemn a right of way for highway purposes across farm lands adjoining the city of Grangeville, owned by appellants. Appellants answered, denying the necessity for taking their lands, and alleging that the route adopted by respondent was across the most valuable portion of their farm, and that construction of the highway along the route proposed would do appellants irreparable injury and damage, etc. The trial court held against these contentions, decreeing a necessity for the taking of said lands, and appointed commissioners under C. S., sec. 7420, to assess damages. From these orders, an appeal is now pending in this court. Since the appeal does not stay execution (*McLean v. District Court*, 24 Ida. 441, Ann. Cas. 1915D, 542, 134 Pac. 536, cited in the majority opinion), appellants have petitioned for a writ of *supersedeas* staying further proceedings pending the determination of said appeal.

The only ground upon which the present application is based is, that if respondent is allowed to proceed with its condemnation proceedings and obtains possession of appellants' land and erects a roadbed thereon, and thereafter this court should reverse the order decreeing necessity, possession of the land would be returned to them incumbered with the erections placed thereon, thereby ruining it for agricultural purposes.

Since there are no special statutes governing procedure in condemnation proceedings by highway districts, they must, like ordinary corporations and others, resort to the general provisions of the codes (C. S., tit. 56, chap. 270) governing the subject. They are entitled to the same rights and privileges, and subject to the same limitations and restrictions, applicable to other corporations or persons seeking relief thereunder. Appellants' rights are amply protected.

Under the provisions of C. S., sec. 7420, after the commissioners appointed by the court have made their award

fixing the amount of damages, said amount, if not accepted by defendant, must be paid into court before plaintiff is entitled to possession. This proceeding has been upheld by this court as not violative of the right to trial by jury, or the taking of private property for a public use without the payment of just compensation ascertained in the manner prescribed by law, under the provisions of art. 1, secs. 7 and 14, of the Constitution of Idaho. (*Portneuf Irr. Co. v. Budge,* 16 Ida. 116, 18 Ann. Cas. 674, 100 Pac. 1046.)

C. S., sec. 7420, further provides among other things:

"At any time after trial and judgment entered, or pending an appeal from the judgment to the supreme court, whenever the plaintiffs shall have paid into the court for the defendant the full amount of the judgment, and such further sum as shall be required by the court as a fund to pay any further damages and costs that may be recovered in said proceedings, as well as all damages that may be sustained by the defendant, if for any cause the property shall not be finally taken for public use, the district court in which the proceeding was tried may, upon notice of not less than 10 days, authorize the plaintiff, if already in possession, to continue therein, and if not, to take possession of and use the property during the conclusion of the litigation, and may, if necessary, stay all actions and proceedings against the plaintiff on account thereof."

It appears that the injury to appellants from the taking of their land is fully compensable by payment of money damages, and the statutes under which the right to condemn is exercised give them ample protection. Therefore, appellants have shown no valid reason for invoking the relief sought in this proceeding. The facts distinguish the situation here from that obtaining in *Blackwell Lumber Co. v. Empire Mill Co.,* 29 Ida. 236, 158 Pac. 792, a controversy between rival lumber companies over the condemnation of a right of way for a logging railroad by one over lands of the other. Indeed, in that case the appellant contended that it had, prior to the commencement of that

action, acquired and dedicated to use for railroad purposes the identical land sought to be condemned by the respondent: a controversy as between two public uses.

Conceding that the issuance of the writ of *supersedeas* is discretionary (see *Blackwell Lumber Co. v. Empire Mill Co., supra*), the practical effect of the majority holding, if adhered to, is to emasculate the procedure for expediting condemnation proceedings (C. S., sec. 7420), by permitting defendants to obstruct and delay the construction of great public improvements, and thereby causing additional expense and annoyance by one whose substantial rights are otherwise fully protected by statute. Nor is the wisdom apparent in the instant case of staying all proceedings after the appointment of commissioners to assess damages. If permitted to proceed and make their award at respondent's costs (*Rawson-Works Lumber Co. v. Richardson*, 26 Ida. 45, 141 Pac. 74; *Blackwell Lumber Co. v. Empire Mill Co.*, 29 Ida. 421, 160 Pac. 265; *Idaho Farm Development Co. v. Brackett*, 36 Ida. 748, 213 Pac. 696), it is possible that both parties might accept such award and so conclude the controversy.

Mr. Justice Wm. E. Lee concurs in this dissent.