(No. 5749.  May 27, 1931.)

NORTHWESTERN & PACIFIC HYPOTHEEKBANK, a Corporation, Plaintiff, v. D. H. SUTPHEN, Judge of the District Court of the Fourth Judicial District of the State of Idaho, in and for Blaine County, and B. P. THAMM, Clerk of the District Court, Fourth Judicial District, State of Idaho, County of Blaine, Defendants.

[300 Pac. 496.]

A. F. James, for Plaintiff.

W. A. Brodhead, for Defendants.

McNAUGHTON, J.—This is an application for writ of *certiorari* in a condemnation proceeding.  The application is pursuant to C. S., sec. 7243, for review of the order of the defendant district judge finding necessity for the taking of the land sought to be condemned and appointing commissioners to view the premises, hear the testimony and

assess the value and damages resulting from taking and appropriating the land to a highway use.

The right to a writ of *certiorari* in this state is statutory and lies only when authorized by C. S., sec. 7243, which provides:

"A writ of review may be granted by any court except a probate or justice's court, when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

The petition here is upon the ground that the district judge was without jurisdiction to make an order in the premises for want of statutory notice to the bank. It is claimed appeal does not lie directly from the order but that the order is subject to review only upon appeal from the final judgment entered at the final conclusion of the litigation. Under the authority of *Hay v. Hay,* 40 Ida. 159, 232 Pac. 895, it is pointed out the writ of *certiorari* lies for review of an intermediate order which deprives a party of property right, provided a direct appeal does not lie from such order. It is claimed this is such a case. In the last premise the attorney for the plaintiff in this proceeding is in error. This court has held the order adjudging necessity and appointing commissioners in condemnation proceedings "is a final order or judgment affecting a substantial right made in a special proceeding and may be reviewed on an appeal from such judgment or order." (*McLean v. District Court,* 24 Ida. 441, Ann. Cas. 1915D, 543, 134 Pac. 536.)

It is claimed further that even if the order in question be appealable, to appeal would amount to an appearance and result in submitting to the jurisdiction of the court. This point is unavailing because before entering the order complained of the court had acquired jurisdiction of the action and all parties to it by statutory service of the summons and complaint, which service is not questioned.

Inasmuch as the order complained of is reviewable by direct appeal, the application for a writ of review is denied, with costs to defendant.

Budge, Givens and Varian, JJ., concur.

Petition for rehearing denied.